Kenton-Walker, Janet, J.
The plaintiff, T.T.K., Inc. d/b/a True Salon & Color Café (‘True Salon”), seeks an injunction barring Columbia Speedway Plaza Member LLC a/k/a Regency Centers (“Columbia Speedway”) and VDG Salons, LLC d/b/a Great Clips (“VDG Salons”) (collectively, “defendants”) from opening a Great Clips hair cutting salon (“Great Clips”) at 290 Turnpike Road, Westborough, Massachusetts (“Speedway Plaza”). For the following reasons, True Salon’s Motion for Injunctive Relief is DENIED.
BACKGROUND
In September 2006, True Salon entered into a lease (“True Salon lease”) with Westborough Commercial Associates Limited Partnership for commercial real estate located at Speedway Plaza. Columbia Speedway is Westborough Commercial Associates Limited Partnership’s successor in interest. True Salon operates a full service family hair care salon at Speedway Plaza, and also sells hair care products. Section 3.01(b) of the True Salon lease (“exclusivity clause”) provides the following:
Landlord agrees that during the Term of this Lease, for so long as the Leased Premises shall be used primarily for the operation of a full service family hair-care salon and the incidental retail sale of hair care products ... it will not hereafter lease any other portion of the Shopping Center primarily for the operation of a full service family hair-care salon.
On May 26,2009, one of Columbia Speedway’s related entities and Great Clips, Inc. entered into a lease (“Great Clips, Inc. lease”) for commercial real estate at Speedway Plaza. The Great Clips, Inc. lease provides that Great Clips, Inc. may only use its leased premises “(for the operation of a first class limited service, value oriented, family hair salon providing hair cutting services with the incidental sale of limited product and hair related items. It is expressly understood that Tenant shall not operate a full service family hair-care salon.” Great Clips, Inc. assigned the Great Clips, Inc. lease to its franchisee, VDG Salons, on July 21, 2009.
On September 8, 2009, True Salon filed its original verified complaint in this action, along with this motion for preliminary injunction. Following service of the original verified complaint and order of notice on the motion for preliminary injunction, the defendants modified the Great Clips, Inc. lease on September 28, 2009, prohibiting VDG Salons from offering nine different types of services, further restricting the services VDG could provide.[2] The modification also inserted the phrase “with no appointment required” into the description of the limited service salon VDG Salons is permitted to operate.
On October 1, 2009, True Salon filed its amended verified complaint in this action. The complaint seeks injunctive relief and money damages, although True Salon did not assert any legal claims. True Salon filed a Motion for Injunctive Relief on September 10, 2009, and the court held a hearing on the motion on October 6, 2009.
DISCUSSION
True Salon claims it will suffer irreparable harm should VDG Salons open Great Clips at Speedway Plaza. The defendants assert that True Salon cannot show a likelihood of success on the merits, that any harm to True Salon may be adequately addressed by money damages, and that a balancing of the harm weighs in favor of denying True Salon the relief. The court agrees.
To prevail on a motion for a preliminary injunction, a plaintiff must show “(1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the plaintiffs likelihood of success on the merits, the risk of irreparable harm to the plaintiff outweighs the potential harm to the defendant in granting the injunction.” Tri-Nel Mgt., Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001), citing Packaging *236 Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).
I.True Salon’s Likelihood of Success on the Merits A. Likelihood of Success on the Merits Against Columbia Speedway
The exclusivity clause provides that Columbia Speedway (as successor in interest to Westborough Commercial Associates Limited Partnership) “will not hereafter lease any other portion of the Shopping Center primarily for the operation of a full service family hair-care salon.” True Salon alleges that Great Clips is a full service family hair salon, and therefore, its presence as a tenant at Speedway Plaza is a breach of the True Salon lease.[3] Based on the uncontroverted affidavits and documents submitted by Columbia Speedway, Great Clips is a “limited service” salon, which differs from a “full service” salon in the services provided. In an expert affidavit submitted by Columbia Speedway, the hair care industry recognizes that the terms “full service” and “limited service" describe different types of salons.
There being no evidence before this court that the lease agreement is ambiguous, this court must interpret the terms of the contract on its face. True Salon’s exclusivity clause specifically applies to only full service salons; therefore, the True Salon lease does not prevent Columbia Speedway from leasing space in Speedway Plaza to a limited service salon such as Great Clips. See Quintin Vespa Co. v. Construction Serv. Co., 343 Mass. 547, 551 (1962) (“The interpretation of the written contract is ... a matter of law”); Sarvis v. Cooper, 40 Mass.App.Ct. 471, 475 (1996) (“Interpretation of the agreement is a question of law”). Accordingly, based on the evidence before this court at this stage of the proceedings, True Salon cannot show that it has a substantial likelihood of prevailing on a breach of contract claim against Columbia Speedway.
B. Likelihood of Success on the Merits Against VDG Salons
True Salon does not allege in its complaint that VDG Salons engaged in any wrongdoing. It only alleges that Columbia Speedway violated the True Salon lease. It therefore cannot show that it has a likelihood of succeeding on the merits of a breach of contract claim against VDG Salons. See Davenport Beverage Corp. v. Jolly Hill Realty Corp., 2009 WL 2230903, at *1 (Mass.Super. 2009) (stating lessee seeking injunc-tive relief against other lessee with competing business has “an issue that should more properly be addressed to the landlord”); see also Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 311 n.17 (2005) (noting “landlord may be liable as a result of the conduct of third parties if serious interference with a tenancy is a ‘natural and probable consequence of what the landlord did, what he failed to do, or what he permitted to be done’ ” (citation omitted)).
II.True Salon’s Irreparable Harm
True Salon asserts that it will be irreparably harmed if VDG Salons opens Great Clips at Speedway Plaza. Irreparable harm is that harm that cannot be adequately addressed by money damages. See Packaging Indus. Group, Inc., 380 Mass. at 621. True Salon has failed to show that money damages will not adequately address the harm it alleges. True Salon claims that it will lose customers to Great Clips, and that calculating the damages resulting from the loss of repeat and future business is impossible, thereby requiring equitable relief. However, expert witnesses are able to calculate such losses, especially given that True Salon has been in business for twenty years.
Additionally, “[ejconomic harm alone . . . will not suffice as irreparable harm unless ‘the loss threatens the very existence of the movant’s business.’ ” Tri-Nel Mgmt., Inc., 433 Mass. at 227-28 (citation omitted). True Salon has not shown, nor has it alleged, that its very business is threatened by Great Clips’ presence at Speedway Plaza.
Finally, True Salon’s alleged harm is speculative at this point, because Great Clips has not yet opened at Speedway Plaza. The court cannot grant True Salon injunctive relief based merely on anticipated harm. See Shaw v. Harding, 306 Mass. 441, 449-50 (1940) (“One ... is not entitled to seek [injunctive] relief unless the apprehended danger is so near as at least to be reasonably imminent”); American Fed’n of State, County & Mun. Employees, Council 93, AFL-CIO, Local 419 v. Rouse, 2002 WL 1584583, at *2 (Mass.Super. 2002) (“In order for plaintiff to show irreparable harm, plaintiff must establish ‘injury that is not remote or speculative, but is actual and imminent’ ” (citation omitted)).
III.Balancing of the Harm
While True Salon may very well suffer harm as a result of Great Clips’ opening at Speedway Plaza, it is undeniable that the defendants will also suffer harm if the court grants the injunctive relief True Salon seeks. Columbia Speedway may lose a paying tenant, which in this economy could be a hardship. VDG Salons will most certainly suffer harm, as its owners aver that it has already expended some $134,000.00 to open Great Clips at Speedway Plaza. Thus, even if True Salon could show a likelihood of success on the merits and at least some irreparable harm, the balancing of the harm to True Salon and the harm to the defendants weighs in favor of the defendants. True Salon has failed to meet its burden for obtaining injunctive relief, and it is therefore not entitled to such relief.
ORDER
For the foregoing reasons, it is hereby ORDERED that True Salon’s Motion for Injunctive Relief be DENIED.

Based on a review of True Salon’s website page, the nine services VDG is specifically forbidden from offering appear to be specific services offered by True Salon.

Nrue Salon has not asserted a claim for breach of contract. However, its complaint alleges that Columbia Speedway’s leasing of space to VDG Salons violates the True Salon lease. Therefore, the court will analyze the likelihood of True Salons’ success based on the alleged breach. The court could, however, deny True Salon injunctive relief solely because of True Salon’s failure to assert any underlying claim, as technically there are no such merits to address.